```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 0 8 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
GOLD & ROSENBLATT, LLC,          :
          Plaintiff,          :
          :          12 Civ. 00192 (AJN)
          -v-          :
          :          OPINION
          :
JP MORGAN CHASE BANK, N.A.,          :
          Defendant.          :
          :
------------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

      This matter was removed to this Court from the Supreme Court of the State of New York, Bronx County, on January 10, 2012. Plaintiff requests that the Court order a jury trial pursuant to Federal Rule of Civil Procedure 39(b) notwithstanding Plaintiff's failure to serve a timely jury demand. Defendant opposes this request. The Court grants Plaintiff's motion.

      Federal Rule of Civil Procedure 38(b) provides that "on any issue triable of right by a jury, a party may demand a jury trial by serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." It is undisputed that Plaintiff did not serve a timely jury demand, which would have been due on January 31, 2012. (Berry Decl. at ¶ 1). Federal Rule of Civil Procedure 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

      Plaintiff's counsel concedes that he was aware of the Federal Rules of Civil Procedure governing when a jury demand must be served, and that he has previously removed a case in which he served a jury demand. (Berry Decl. at ¶ 3.) However, he did not serve a jury demand in this case because he believed it was subject to remand due to lack of subject matter

1

jurisdiction, and did not learn that subject matter jurisdiction likely existed until February 17, 2012, after the deadline to serve a jury demand. (Berry Decl. at ¶¶ 4- 5.) Defendant's counsel counters that on January 13, 2012, he engaged Plaintiff's counsel in a discussion of the existence of diversity jurisdiction in this case and explained that jurisdiction was proper, and Plaintiff's counsel was therefore on notice of the need to file a jury demand. (Weiss Decl. at ¶ 8).

The Court applies a case-by-case approach in determining whether to allow a late-filed jury demand in removed cases. *See Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392-93 (2d Cir. 1983); *Luna v. Am. Airlines*, No. 04 Civ. 1803, 2010 U.S. Dist. LEXIS 109375, at *9-13 (S.D.N.Y. Oct. 12, 2010). The factors considered include "(1) whether the rules of the state court from which the case had been removed specify a different procedure for demanding a jury and whether they grant the trial court discretion similar to that found under Rule 39(b), (2) whether the plaintiff's claims were 'traditionally tried by a jury,' (3) whether the parties had been proceeding 'for some time on the assumption that the matter would not be a bench trial,' (4) whether the other party had 'acquiesced in the jury request' and (5) whether the opposing party would be prejudiced by the 'untimely demand.'" *Luna*, No. 04 Civ. 1803, 2010 U.S. Dist. LEXIS 109375, at *9-10 (quoting *Cascone*, 702 F.2d at 392-93); *see also Rupolo v. Oshkosh Truck Corp.*, 749 F. Supp. 2d 31, 47 (E.D.N.Y. 2010). Courts have not required every factor to point in favor of allowing the late jury demand in granting leave to serve such a demand. *See Rupolo*, 749 F. Supp. 2d at 47.

Beginning with the first factor, the case was initially filed in New York state court, which does not require a jury demand until substantially later in the case. *See* N.Y. C.P.L.R. § 4102(a); *Luna*, No. 04 Civ. 1803, 2010 U.S. Dist. LEXIS 109375, at *10-11; *Rupolo*, 749 F. Supp. 2d at 49. However, Plaintiff was aware of the deadline to file a jury demand in federal court and has

previous experience filing timely jury demands in federal court. Plaintiff's counsel argues that he was under the impression the case would be remanded to the state court for lack of jurisdiction, and that he was therefore similarly situated to state court practitioners who are ignorant of federal procedures.

The Court disagrees. Parties should not generally be excused from compliance with rules of procedure which they are concededly aware on the assumption that they will be successful in remanding a case to state court. The first factor therefore cuts against allowing leave to file a late jury demand.

However, most of the remaining factors favor allowing a jury trial. Plaintiff argues, and Defendant does not contest, that the claims and defenses here, which relate to bank negligence in failing to uncover forgery, are the sort of issues that are often tried to juries. (Mot. at 2-3). The nature of the claims and defenses in this case, therefore, favor excusing Plaintiff's late request.

The case is also in its early stages, with fact discovery having commenced recently and not set to close until July. Defendant was aware of Plaintiff's intention to seek a jury trial within, at most, four weeks of the missed deadline and was therefore on notice that the matter might not proceed as a bench trial. Although Defendant has not acquiesced in the jury request, it cannot argue that it has proceeded on the assumption that this would be a bench trial.

Moreover, Defendant has not even attempted to articulate any prejudice that would result from granting the jury request. Several courts have noted that prejudice is often the most important factor in considering whether to allow a late jury demand. *See Rupolo*, 749 F. Supp. 2d at 47 (collecting cases); *see also Perelman v. Camp Androscoggin Jr.-Sr., Inc.*, No. 06 Civ. 13020, 2008 U.S. Dist. LEXIS 4600, at *9-10 (S.D.N.Y. Jan. 22, 2008) ("Where, as here, a party fails to provide any substantiation of how it has done anything differently or how it will be

3

prejudiced, a court may properly grant leave to make an untimely demand." (quotation marks omitted)). If the Defendant had made a convincing claim of prejudice, the Court might have been persuaded to reject Plaintiff's request. *See, e.g., Elgarhi v. Dreis & Krump Mfg. Co.*, 131 F.R.D. 429, 430-31 (S.D.N.Y. 1990) (defendants made a convincing showing of prejudice, explaining that they had abbreviated depositions, prepared certain video materials less extensively, refrained from conducting certain depositions, and made decisions on expenditures based on the prospect of a bench trial). In the absence of such a showing, however, and given the Court's assessment of other factors discussed above, the Court agrees that a jury trial should be allowed notwithstanding the untimeliness of Plaintiff's request.

Defendant suggests that the Court should apply the standard articulated in *Noonan v. Cunard S.S. Co.*, 375 F.2d 69 (2d Cir. 1967), rather than the multi-factor inquiry discussed above, and that under this standard the Court should require Plaintiff to make a showing "beyond mere inadvertence" to justify relief under Rule 39. *See Rupolo*, 749 F. Supp. 2d at 46 (discussing *Noonan*). The more stringent *Noonan* standard is typically not applied in cases where a state action was removed to federal court. *See Cascone*, 702 F.2d at 392-93; *Rupolo*, 749 F. Supp. 2d at 46.

Defendant argues that *Noonan* should nevertheless apply in this case because Plaintiff's knowledge of the relevant federal procedures eliminates the basis for any leeway that is typically granted to parties in removed cases that may be unfamiliar with federal procedure. However, courts considering the expertise or lack of expertise of the party seeking leave to file the jury demand have done so through the lens of the case-by-case approach described in *Cascone*. *See Rupolo*, 749 F. Supp. 2d at 46 (noting that "inadvertence alone is not a sufficient reason for permitting a late jury demand in all removed cases" and citing the open-ended *Cascone* test); *see*

4

*also Cascone*, 702 F.2d at 392-93 (considering the level of familiarity Plaintiff's counsel had with federal procedures as part of the multi-factor inquiry); *S. African Airways v. Tawil*, 658 F. Supp. 889, 891 (S.D.N.Y. 1987) (applying the multi-factor approach but noting that "the fact that this is a 'removed case' which ordinarily warrants 'play in the joints' for accommodating a removed party 'who may not be as at ease in the new surroundings imposed upon him,' is of no significance here" given the facts of the case (quoting *Cascone*, 702 F.2d 389, at 392)). *But see Davidson Pipe Co., Inc. v. Laventhol & Horwath*, 125 F.R.D. 363, 370-72 (S.D.N.Y. 1989) (applying the *Noonan* test to a removed action because the party seeking to serve a late jury demand was the one that removed the case, but still allowing the late demand because the parties demonstrated "excusable erroneous reliance" rather than mere inadvertence); *Corinthian Media v. Putnam*, 845 F. Supp. 143, 145-46 (S.D.N.Y. 1994) (noting that the *Noonan* standard is occasionally applied to removed actions). The Court has considered Plaintiff's expertise in federal court and knowledge of the proper procedures under the more flexible standard discussed in *Cascone*.

Finally, even if the Court were to impose the strict *Noonan* test under Rule 39(b), an alternative basis for allowing the late jury demand is present under Rule 6(b), even if the failure to file a jury demand was due only to mere inadvertence. *See Raymond v. IBM*, 148 F.3d 63, 65-67 (2d Cir. 1998). Under Rule 6(b), the Court applies equitable criteria, "including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith" to assess whether there is excusable neglect justifying retroactive extension of the deadline to serve a jury demand. *See id.* For the same reasons discussed above, these equitable considerations suggest Plaintiff should be allowed to serve a jury demand. There has been little

5

delay, there is no suggestion of prejudice to the other party, no suggestion of bad faith, and Plaintiff has proffered a reason for his failure to meet the Rule 38 deadline.

Accordingly, Plaintiffs motion for a jury trial is GRANTED.

SO ORDERED:

Dated: May  8 , 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge